UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| WILLIAM T. DOE, ) | |
| ) | |
| Plaintiff, ) | No. 13cv40 EJM |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for supplemental security income (SSI) benefits. Briefing concluded December 2, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision…Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

Plaintiff seeks disability due to chronic obstructive pulmonary disease (COPD). (Tr. 161). He claims that the ALJ erred (1) in failing to fully develop the record, and (2) in failing to properly evaluate his subjective allegations.

As to claim (1), plaintiff alleges that his health deteriorated badly between the date of his application (August 14, 2009) and the date of the ALJ hearing (August 18, 2011), and that the ALJ therefore should have ordered an "updated consultative evaluation." The ALJ did order a new spirometry exam, measuring lung function, which was taken into account by the ALJ in his ruling. (Tr. 45-46, 334-35). The record was

both full and updated. Dr. Klimek, an examining physician, had examined plaintiff during his claimed decline stating that his limitations were not severe (Tr. 280-82, 383-84), as did state agency medical consultants Drs. Elliott and May (Tr. 18, 278-85, 287-94, 300, 366, 372-87). The record is replete with reports of previous visits to hospitals, doctors and clinics, and two spirometry exams. The ALJ fully developed the record.

As to claim (2), in discounting the credibility of plaintiff's subjective allegations, the ALJ's evaluation was proper, and he permissibly relied upon consideration of plaintiff's inconsistencies with the objective medical evidence; that he prepared daily meals, attended to self-care independently, shopped, drove, studied college level coursework, and worked as a subcontractor and temporary laborer. "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003).

Upon the foregoing, and without minimizing the seriousness of plaintiff's limitations, the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

December 20, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT